**MUSICK, PEELER & GARRETT LLP**
624 South Grand Avenue, Suite 2000
Los Angeles, California 90017-3383
Telephone (213) 629-7600
Facsimile (213) 624-1376

David A. Tartaglio (State Bar No. 117232)
 d.tartaglio@musickpeeler.com

Attorneys for Plaintiff ADMIRAL INSURANCE COMPANY

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ADMIRAL INSURANCE COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA,<br><br>Defendant. | Case No. 2:21-cv-02529<br><br>**COMPLAINT FOR EQUITABLE CONTRIBUTION AND DECLARATORY RELIEF** |

Plaintiff, ADMIRAL INSURANCE COMPANY ("Admiral"), by its attorneys, Musick, Peeler & Garrett LLP, complaining of the defendant, alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff, Admiral, is a corporation organized and existing pursuant to the laws of the State of Delaware with a principal place of business in Scottsdale, Arizona.

2. Upon information and belief, at all relevant times, defendant NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA ("NATIONAL UNION") is a domestic corporation organized and existing pursuant to the

laws of the State of Pennsylvania, with its principal place of business located at 80 Pine Street, 5th Floor, New York, New York 10005.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction based on diversity of citizenship and the amounts in controversy exceed $75,000, exclusive of interest and costs, pursuant to 28 U.S.C. Section 1332.

4. Venue is proper in this district pursuant to 28 U.S.C. Section 1391 in that the defendant regularly conducts business in this district.

## THE ADMIRAL POLICY

5. Admiral issued Commercial General Liability Policy No. CA000018545-05 for the period of 12/1/2017 to 12/1/2018 to Delta Sigma Theta Sorority, Inc. ("Delta Sigma"). The policy states in SECTION I – COVERAGES:

> COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY
>
> 1. Insuring Agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result….
>
> COVERAGE B – PROPERTY AND ADVERTISING INJURY LIABILITY
>
> 1. Insuring Agreement
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "personal and advertising injury" to which this insurance does not apply. We may, at our discretion, investigate any offense and settle any claim or "suit" that may result….

6. The policy contains the following endorsement regarding other insurance:

## OTHER INSURANCE

It is agreed that SECTION IV-COMMERCIAL GENERAL LIABILITY CONDITIONS paragraph 4. Other Insurance is deleted in its entirety and replaced by the following:

1. This insurance is primary with respect to homeowners insurance maintained by a volunteer, employee, director or officer who is judged by us to have had no direct involvement in the covered loss.

2. This insurance is excess over all other valid and collectible insurance available to the insured for a loss we cover under this policy.

3. We will have no duty under this insurance to defend any claim or "suit" that any other insurer has a duty to defend. If no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

## **THE NATIONAL UNION POLICY**

7. NATIONAL UNION issued a <u>primary-layer</u> Not For Profit Risk Protector Policy, No. 03-982-50-61 to Delta Sigma.

8. Pursuant to the Declarations, the Director and Officer Coverage Section of the NATIONAL UNION Policy provides a Shared Limit of Liability of $5,000,000 subject to a Retention/Deductible of $50,000. The Policy Period runs from January 1, 2020 through January 1, 2021.

9. Insuring Agreement A of the D&O Coverage Section (Individual Insured Insurance) provides coverage for Loss of an Individual Insured, subject to the Policy, except when and to the extent that the Organization has indemnified the Individual Insured.

10. Insuring Agreement B (Organization Indemnification Reimbursement Insurance) provides coverage on behalf of Organization for Loss, subject to the Policy, to the extent that the Organization has indemnified such Individual Insured for such Loss pursuant to law, common or statutory, or contract, or the Charter or By-laws of the Organization duly effective under such law which determines and defines such rights of indemnity.

11. Insuring Agreement C (Organization Entity Coverage) provides coverage on behalf of the Organization Loss, subject to the Policy for any actual or alleged Wrongful Act of the Organization.

12. The policy provides that National Union shall <u>advance</u> Defense Costs for the defense of claims, excess of the applicable Retention amount, prior to its final disposition. The NATIONAL UNION policy defines Defense Costs as fees and costs incurred for the defense of a claim.

13. Clause 11 of the General Terms and Conditions of the NATIONAL UNION Policy provides, in pertinent part, as follows as for other insurance:

> With respect to all Coverage Sections other than the EPL Coverage Section, such insurance as is provided by this policy shall apply only as excess over any valid and collectible insurance, unless such other insurance is written only as specific excess insurance over the Policy Aggregate Limit of Liability provided by this policy. This policy shall be specifically excess of any other policy pursuant to which any other insurer has a duty to defend a Claim for which this policy may be obligated to pay Loss.

## THE UNDERLYING ACTION

14. Lydia Cincore-Templeton filed a Complaint and Amended Complaint against Delta Sigma and others in the Superior Court for the State of California, County of Los Angeles, Case No. 20STCV2793 ("Underlying Action"). Plaintiff Templeton filed the original Complaint on July 24, 2020. The Defendants in the First Amended Complaint in the Underlying Action are Beverly Smith, Cheryl Hickman and Delta Sigma. It asserts eight causes of action. Each cause of action is asserted against all Defendants and are as follow: (1) Breach of Contract; (2) Breach of Covenant of Good Faith and Fair Dealing; (3) Violation of Unfair Competition Law (Business and Professional Code §17200); (4) Declaratory Relief; (5) Injunctive Relief; (6) Intentional Infliction of Emotional Distress; (7) Negligent Infliction of Emotional Distress; and (8) Intentional Interference with Prospective Economic, Reputational and Political Relations. Plaintiff Templeton seeks monetary damages, punitive damages, a declaration that Defendants have violated Delta Sigma policy, reinstatement of Delta Sigma membership, and interest, costs and attorney's fees.

15. Delta Sigma is a national sorority and a philanthropic organization. Plaintiff Templeton alleges she is a dues paying lifetime member of Delta Sigma and is a member of the Delta Sigma Los Angeles Alumnae Chapter, in the Farwest Region. Plaintiff alleges she initially became a member of Delta Sigma in 1979 and served as the Farwest Regional Director from July 2016 until July 2018. Defendant Beverly Smith is the National President of Delta Sigma and Defendant Cheryl Hickman is the National First Vice President of Delta Sigma.

16. Plaintiff Templeton alleges she began preparing a book, in or around 2016, about the history of Delta Sigma preparing a float for the Rose Bowl Parade (the "Book"). In furtherance of the Book, Plaintiff worked with other Delta Sigma members and allegedly gained the approval of former National President Paulette Walker. Subsequent to becoming President, Defendant Smith and Plaintiff allegedly exchanged multiple communications about the Book.

17. On or about November 13, 2018, Plaintiff Templeton allegedly received written communication from Defendant Smith advising Plaintiff that she was under investigation regarding the Book and demanding that she cease and desist from continuing efforts to publish the Book. The letter accused Plaintiff of violating the Code of Conduct of Delta Sigma and failing to follow directives from Delta Sigma. On November 14, 2018, Defendant Smith allegedly sent a letter to the Chapter Presidents of the Farwest Region making disparaging comments about Plaintiff and advising the Chapter Presidents that the Book was not approved for completion, printing and publication. Plaintiff Templeton seeks damages for, *inter alia*, damages to her reputation.

18. The Underlying Action constitutes a claim first made and reported to NATIONAL UNION during the policy period and it presents covered liability under the Policy.

## FIRST CAUSE OF ACTION
## FOR EQUITABLE CONTRIBUTION

19. ADMIRAL incorporates paragraphs 1-18 as though fully set forth herein.

20. NATIONAL UNION has a duty to advance Defense Costs incurred to in excess of the self-insured retention of the NATIONAL UNION policy for the Underlying Action. NATIONAL UNION has refused to advance any Defense Costs for the Underlying Action on the ground that NATIONAL UNION's coverage is "excess" to ADMIRAL's coverage.

21. ADMIRAL has agreed to pay Defense Costs incurred in the Underlying Action, subject to a reservation of all rights, including the right to seek equitable contribution from any other insurer with a duty to pay such expenses.

22. The reciprocal rights and duties of insurers who owe defense expenses for the same suit flow from equitable principles designed to accomplish ultimate justices in the bearing of a specific burden.

23. ADMIRAL seeks equitable contribution from NATIONAL UNION for defense fees and costs it has paid and will pay for the defense of Delta Sigma in the Underlying Action. Under NATIONAL UNION's policy, NATIONAL UNION is obligated to <u>advance</u> Defense Costs for the Underlying Action, not simply pay or reimburse Defense Costs, as it is covered under NATIONAL UNION's policy. NATIONAL UNION denies that it has any such payment obligation.

24. ADMIRAL has made payments for the defense of Delta Sigma in excess of the self-insured retention under the NATIONAL UNION policy. ADMIRAL's "other insurance" clause provides that ADMIRAL's coverage is excess to all other insurance. At a minimum, then, NATIONAL UNION owes a duty to share in Delta Sigma's defense expenses in excess of NATIONAL UNION's self-insured retention. NATIONAL UNION has a duty to reimburse ADMIRAL for an equitable share of defense expense that ADMIRAL has paid and will pay to defend Delta Sigma in the Underlying Action.

25. Accordingly, because ADMIRAL has paid an unequitable portion of the defense costs of Delta Sigma and NATIONAL UNION refuses to pay anything, NATIONAL UNION should be ordered to contribute its equitable fair share of Delta

Sigma's defense costs for the Underlying Action in an amount to be determined under the doctrine of equitable contribution.

## SECOND CAUSE OF ACTION
## FOR DECLARATORY RELIEF

26. ADMIRAL hereby incorporates paragraphs 1 through 24 above, as though they were fully set forth herein.

27. An actual controversy exists between ADMIRAL and NATIONAL UNION about the priority of coverage for defense expenses for the Underlying Action. ADMIRAL requests a judicial declaration that NATIONAL UNION has a duty to advance Defense Costs for the Underlying Action and to contribute equitably with ADMIRAL toward the Defense Costs for the Underlying Action.

28. ADMIRAL contends that NATIONAL UNION has a duty to advance defense expenses for Delta Sigma in the Underlying Action on, at a minimum, a co-primary basis with NATIONAL UNION.

29. NATIONAL UNION denies that it owes a duty to contribute to the defense of Delta sigma in the Underlying Action.

30. An actual justiciable controversy exists between the parties regarding the priority of coverage under policies of insurance issued by the parties to Delta Sigma and the duty to pay or share in the payment of defense expenses for the Underlying Action.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, ADMIRAL INSURANCE COMPANY, requests that judgment be made and entered herein:

1. For a declaration and judgment that NATIONAL UNION has an obligation under its Policy to advance Defense Costs to defend Delta Sigma against the Underlying Action;

2. For a declaration and judgment that NATIONAL UNION is liable to reimburse ADMIRAL for an equitable share of all sums paid by ADMIRAL toward the defense of Delta Sigma in connection with the Underlying Action;

3. For all costs of suits; and

4. For such other and further relief as the Court deems just and proper.

DATED:  March 23. 2021

MUSICK. PEELER & GARRETT LLP

By: _____
David A. Tartaglio
Attorneys for Plaintiff ADMIRAL INSURANCE COMPANY